In the Matter of JAMES J. HANRAHAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 13, 1967.

*John G. Bonomi* (*Raymond P. Whearty* with him on the brief), for petitioner.

*John F. Wilkinson* for respondent.

*Per Curiam.* Respondent was admitted to practice in 1949 in the Second Judicial Department. There are a total of nine charges against the respondent. A Referee has found respond-

ent not guilty on each of the nine charges. We confirm the Referee's report to the extent that the respondent is found not guilty of Charges 3, 4, 5, 6, 7 and 8, and on a portion of Charge 9. We disaffirm the Referee's report to the extent that we find the respondent guilty of Charges 1 and 2, in their entirety, as well as those portions of Charge 9, which allege that respondent failed to reply to telephone calls of "pro se" Clerk Richard Harbus of the United States Court of Appeals, Second Circuit, and that respondent failed to comply with a request by Hon. J. EDWARD LUMBARD, Chief Judge of the United States Court of Appeals, Second Circuit, to contact that Clerk.

In Charge 1, it is alleged in essence, that respondent, in relation to a retainer taken in 1958, in a case to recover for property damage, grossly neglected the matter and failed to proceed with the action. Complaint was made to the Bar Association in 1961. The respondent's explanation that he did not proceed because of his client's failure to produce needed evidence cannot be sustained on this record. The testimony at the hearing supports a finding that respondent did neglect to proceed with the case, and we therefore find respondent guilty of this phase of Charge 1.

In Charge 2, it is alleged that respondent was retained in 1958 to prosecute a divorce action. It is alleged that respondent failed to institute suit. Complaint was made to the Bar Association in 1961. Three years had gone by since the retainer, when the complaint was made, and the explanation offered by the respondent, is once again that the client "did not provide the evidence." However, this explanation was at variance with some of the documentary evidence submitted. We, consequently, find respondent guilty on this phase of Charge 2.

Charge 9, in part alleges that respondent failed to respond to communications of a clerk of the Federal court, and failed further to comply with the Hon. J. EDWARD LUMBARD's direction to contact that clerk. Respondent offered no satisfactory evidence to show compliance with the court's direction, nor did respondent show he made any real effort to contact the clerk. Accordingly, respondent is found guilty on these portions of Charge 9.

It is to be noted that Charges 1 and 2 contain allegations of failure to co-operate with the Committee on Grievances in its initial investigation. Various letters were written to the respondent requesting in detailed form the services performed by respondent in the matters which formed the subject of the neglect allegations in Charges 1 and 2. Respondent failed to comply with these requests, the evidence indicating that he did not supply the information and was evasive. Accordingly, we

find respondent guilty of the allegations contained in Charges 1 and 2, concerning failure to co-operate.

The entire record here shows that respondent has been guilty of neglect in the handling of his clients' affairs, and in connection with his relationship to the court. The neglect was of such nature as to constitute professional misconduct. It appears, however, that respondent's conduct was not in the nature of purposeful wrongdoing, and it does not appear that any of the clients were injured financially. Moreover, there is nothing in the record to indicate that there have been any other disciplinary proceedings against respondent. But the record does contain attestations of respondent's good character and good conduct from people of high repute. In the circumstances, we conclude that no more than a censure is warranted.

In reaching our conclusion it is not necessary to, and we do not, take into consideration our finding of respondent's guilt of failure to co-operate with the Committee on Grievances.

Accordingly, respondent should be censured. Petitioner's motion and respondent's cross motion are granted only to the extent herein indicated.

BOTEIN, P. J., STEVENS, EAGER, RABIN and McNALLY, JJ., concur.

Respondent censured.